UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua J. Johnson,<br><br>        Plaintiff,<br><br>vs.<br><br>New York Life Insurance Company,<br><br>        Defendant. | Court File No.: _____<br><br>**NOTICE OF REMOVAL** |

TO: CLERK OF FEDERAL COURT, United States District Court, District of Minnesota; and

PLAINTIFF Joshua J. Johnson and his attorneys, Lawrence P. Schaefer, Bert Black and SCHAEFER LAW FIRM, LLC, 400 South Fourth Street, Suite 202, Minneapolis, MN 55416

Pursuant to 28 U.S.C. §§1331, 1332, 1441 and 1446, Defendant New York Life Insurance Company ("NYL") hereby removes the civil action, filed by Plaintiff Joshua J. Johnson, from the Hennepin County District Court, Fourth Judicial District, Minneapolis, Minnesota to the United States District Court for the District of Minnesota. In support thereof, Defendant alleges and states as follows:

I.    BACKGROUND

1.    On or about November 30, 2012, Plaintiff Joshua J. Johnson ("Plaintiff") served NYL with a Summons and Complaint styled *Joshua J. Johnson v. New York Life Insurance Company,* venued in Hennepin County District Court, State of Minnesota.

2.   Defendant has filed this Notice of Removal within the 30-day period required by 28 U.S.C. §1446(b). A true and correct copy of Plaintiff's Summons and Complaint is attached hereto as <u>Exhibit A</u>.

3.   As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §1441 because the Court has original jurisdiction under 28 U.S.C. §§1331 and 1332, and Defendant has satisfied the procedural requirements for removal.

## II.   THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C §1331.

4.   This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 because, on its face, Plaintiff's Complaint asserts claims arising under federal law, namely the Electronic Communications Privacy Act, a federal act codified as 18 U.S.C. §§2510-2522. 28 U.S.C. §§1331, 1441(a).

5.   In addition, this Court has supplemental jurisdiction over Plaintiff's state statutory and common law claims because both the federal and state law claims asserted by Plaintiff arise from a common nucleus of operative fact and are "such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). All of the federal and state law claims asserted by Plaintiff are based on the factual allegations that Defendant monitored Plaintiff's personal computer, intercepted electronic communications and disseminated private information, resulting in emotional and financial harm to Plaintiff. Thus, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1441(c).

III. **THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C §1332.**

6. This Court has original jurisdiction over this matter under 28 U.S.C. §1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§1332, 1441(a).

A. **The Parties are Completely Diverse.**

7. Plaintiff is, and at all relevant times has been, a citizen of the State of Minnesota. (Ex. A, Compl., ¶ 2.)

8. Defendant is, and at all relevant times has been, a mutual insurance company organized under the laws of the State of New York, and maintains its principal place of business in New York City, New York. Therefore, Defendant is a citizen of the State of New York. *See* 28 U.S.C. §1332(c)(1).

9. In accordance with 28 U.S.C. §1332(a), complete diversity of citizenship exists because Plaintiff is not a citizen of the state of which Defendant is a citizen. Furthermore, this action is removable because Defendant is not a citizen of the state in which the action was commenced. *See* 28 U.S.C. §1441(b).

B. **The Amount-in-Controversy Requirement is Satisfied.**

10. The jurisdictional amount-in-controversy is satisfied because Plaintiff's plea for damages, if granted, would likely result in recovery in excess of $75,000. Plaintiff asserts claims under the federal Electronic Communications Privacy Act ("ECPA") and Minnesota's counterpart, the Minnesota Privacy Communications Act ("MPCA"). (*See* Ex. A, Compl.) Plaintiff also asserts common law claims for intrusion

3

upon seclusion and publication of private facts. (*Id.*) As a result of Defendant's alleged violations, Plaintiff claims that he suffered emotional distress and that he stands to lose significant income from insurance premiums if he chooses to leave his employer, NYL. (*Id.* ¶¶ 23, 34.)

11.     The ECPA permits recovery of punitive damages and reasonable attorneys' fees under certain circumstances pursuant to 18 U.S.C. §2520(b). Likewise, the MPCA permits recovery of treble damages and reasonable attorneys' fees under certain circumstances pursuant to Minn. Stat. §626A.13, Subd. 2.

12.     Plaintiff alleges that he is entitled to "judgment against NYL in a reasonable amount in excess of $50,000, as well as punitive damages, his reasonable costs, and attorney's fees." (*Id.* ¶¶ 25, 31, 35, 39.) He further claims that, as a result of Defendant's alleged violations of the MPCA, Plaintiff's "damages exceed $50,000, and are trebled under the statute." (*Id.* ¶ 29.)

13.     In his prayer for relief, Plaintiff seeks recovery of the following: (1) for Count One, $100 for each day of violation of the ECPA, or $10,000, plus punitive damages, attorneys' fees and costs, plus damages for his mental and emotional distress; (2) for Count Two, $100 for each day of violation of the MPCA, or $10,000, as well as punitive damages, reasonable attorneys' fees and costs; (3) for Counts Three and Four, all relief available under Minnesota common law, including compensation for emotional distress and the loss of income from insurance premiums if he leaves NYL, plus punitive damages, and reasonable attorneys' fees and costs.

4

14.     Based on Plaintiff's allegations and the prayer for relief, the amount-in-controversy exceeds $75,000 because Plaintiff seeks recovery of damages in excess of $50,000, plus punitive and treble damages, plus reasonable attorneys' fees and costs. *See Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 766 (8th Cir. 2001) (counting statutory attorneys' fees towards the amount-in-controversy). Where a plaintiff pleads punitive damages without first receiving leave to amend his Complaint, (*see* Minn. Stat. § 549.191), the court may nevertheless consider the punitive damages claim when determining whether the amount-in-controversy is satisfied. *One Point Solutions, LLC v. Borchert, et al.*, 486 F.3d 342, 350 (8th Cir. 2007) (finding amount-in-controversy satisfied where Minnesota statute at issue provided for recovery of punitive damages.)

## IV.    DEFENDANT SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL; THEREFORE, REMOVAL IS PROPER.

15.     No previous application has been made for the relief requested herein.

16.     Defendant received a copy of the Summons and Complaint on or about November 30, 2012. Defendant filed this notice of removal on December 20, 2012. Consequently, this Notice of Removal is timely pursuant to 28 U.S.C. §§1441 and 1446, as it is being filed within the 30-day period after the first receipt by Defendant of the Complaint.

17.     Defendant's Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. §1446(a). The United States District Court for the District of Minnesota embraces the Fourth Judicial District Court of Hennepin County, State of Minnesota, where Plaintiff's action is pending. *See* 28 U.S.C. §103(3).

18.     As required by 28 U.S.C. §1446(a), a true and correct copy of Plaintiff's Complaint is attached hereto as <u>Exhibit A</u>. No other pleadings or orders have been served upon Defendant in the state court action.

19.     Pursuant to 28 U.S.C. §1446(d), Defendant is filing a Notification of Filing this removal with the District Court Administration of the Fourth Judicial District Court of Hennepin County, State of Minnesota, where Plaintiff's action is pending. Copies of this Notice of Removal and Notification of Filing are also being served on Plaintiff's counsel in accordance with 28 U.S.C. §1446(d). A copy of Defendant's Notification of Filing Notice of Removal in Federal Court is attached hereto as <u>Exhibit B</u> (without attached exhibit).

## V. CONCLUSION

20.     Removal of this case is just and proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States. In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. §1441.

WHEREFORE, Defendant respectfully removes this action to the United States District Court for the District of Minnesota from the Fourth Judicial District Court of Hennepin County, State of Minnesota, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and

1446. Should any question arise as to the propriety of this removal, Defendant respectfully requests an opportunity to provide briefing and oral argument.

Dated:  December 20, 2012       **MASLON EDELMAN BORMAN & BRAND, LLP**

By: _____
Jonathan S. Parritz (#177581)
Rachel M. Bowe (#389946)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:   612-672-8200
Facsimile:    612-672-8397
jon.parritz@maslon.com
rachel.bowe@maslon.com

**ATTORNEYS FOR DEFENDANT**

934211